```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
------------------------------------------------------------------ x
BRENDA KAWECKI,                                   :
                                                  :
                              Plaintiff,          :
                                                  :
            v.                                    :    25-CV-790 (SFR)
                                                  :
UNIVERSITY OF CONNECTICUT HEALTH                  :
CENTER,                                           :
                                                  :
                              Defendant.          x
------------------------------------------------------------------
```

**MEMORANDUM & ORDER**

Plaintiff Brenda Kawecki sues her former employer, Defendant University of Connecticut Health Center ("UConn Health"), on the grounds that UConn Health discriminated against her in violation of Connecticut and federal law. This Opinion resolves UConn Health's Motion to Dismiss (ECF No. 30) and Kawecki's Motion to Remand (ECF No. 35). For the reasons stated below, the Motion to Dismiss is granted in part and the Motion to Remand is granted.

**I.    BACKGROUND**

    **A.    Factual Background**

I accept as true the following well-pleaded facts from the Amended Complaint, ECF No. 26. Kawecki was a full-time employee of UConn Health from June 1989 to August 2024. Am. Compl. 2, ¶¶ 4, 8.[1] Kawecki is a woman who was 65 years old at the time she was terminated. *See id.* at 2, ¶ 8; 4, ¶ 16. Kawecki experiences several physical disabilities,

---

[1] Because the parties have in several instances filed memoranda of law that fail to include page numbers and the Amended Complaint contains duplicative paragraph numbers, I cite to the pagination set by ECF.

"including issues with her back, knee, pre-diabetes condition and rheumatoid arthritis." *Id.* at 4, ¶ 17. UConn Health knew that Kawecki experienced these conditions. *Id.* at 4, ¶ 18.

At the time of her termination, Kawecki was an Executive Assistant. *Id.* at 4, ¶ 19. Kawecki received satisfactory performance evaluations for the duration of her career. *Id.* at 4, ¶¶ 21-23. Kawecki worked remotely during the pandemic from March 2020 until December 2021. *Id.* at 4, ¶ 24. After returning to the office from December 2021 to March 2022, Kawecki took intermittent FMLA leave from March 2022 to May 2023. *Id.* at 5, ¶¶ 25-26. The Amended Complaint contends that soon after Kawecki returned to the office in May 2023, Kawecki's immediate supervisor began to unfairly criticize Kawecki's performance. *Id.* at 5, ¶¶ 28-30. In January 2024, Kawecki reported Supervisor Diane Evans and other colleagues to the State of Connecticut Ethics Commission and other state bodies for falsifying documents and records. *Id.* at 6, ¶¶ 31-32. The Amended Complaint states that Evans retaliated against Kawecki by reporting her to Human Resources and wrongfully accusing Kawecki of falsifying documents. *Id.* at 6, ¶ 33.

In January and February 2024, UConn Health management, together with representatives from Kawecki's union, conducted "'investigational' meetings with Kawecki to discuss her work performance, document signatures and minor typographical errors." *Id.* at 6, ¶¶ 34-35. Kawecki was placed on administrative leave in April 2024. *Id.* at 7, ¶ 36. Kawecki's union representative told her UConn Health wanted her to retire. *Id.* at 7, ¶ 37. Because Kawecki planned to continue working for several years, Kawecki unsuccessfully sought a transfer to another position at UConn Health, even though she remained capable and qualified to work in her Executive Assistant role. *Id.* at 7, ¶¶ 39-40. On July 12, 2024, Kawecki submitted a complaint to the Connecticut Commission on Human Rights and Opportunities

alleging that she was experiencing "discrimination . . . on the basis of age and disability." *Id.* at 3, ¶ 9.

On July 31, 2024, Kawecki was informed that she was terminated effective August 1, 2024. *Id.* at 7, ¶ 41. As cause for termination, UConn Health said that Kawecki mishandled paperwork, among other performance issues. *Id.* at 7-8, ¶¶ 41-43. The Amended Complaint disputes these characterizations of Kawecki's performance. *Id.* at 8-9, ¶¶ 44-48. The Amended Complaint posits that the true reason for Kawecki's termination was her decision to report to ethics officials that Evans was permitting staff to leave work early while claiming pay for an entire day's work. *Id.* at 9, ¶ 49. Moreover, the Amended Complaint states that UConn Health management improperly referenced Kawecki's age, including by insinuating that she should retire. *Id.* at 9, ¶ 51.

The Amended Complaint brings four claims: Counts One asserts that UConn Health discriminated against Kawecki based on her age and physical disability in violation of Title VII. *Id.* at 9, ¶¶ 53-57. Count Two claims that UConn Health discriminated against Kawecki in violation of the Connecticut Fair Employment Practices Act ("CFEPA") and Title VII. *Id.* at 11, ¶¶ 56-58. Count Three alleges retaliation in violation of Title VII. *Id.* at 11-12, ¶¶ 56-61. Count Four alleges retaliation in violation of the CFEPA. *Id.* at 12-13, ¶¶ 56-61. The Amended Complaint seeks immediate reinstatement, compensatory damages, and punitive damages. *Id.* at 15-16.

**B.     Procedural History**

Kawecki initiated the present action in Connecticut Superior Court on April 15, 2025. ECF No. 1-1, at 14. UConn Health removed to this court on May 15, 2025, asserting that this court has original jurisdiction over this case because the Complaint invoked federal law,

including Title VII, the Age Discrimination Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). ECF No. 1, at 1; ECF No. 1-1, at 4, 11-13. UConn Health moved to dismiss for failure to state a claim and for lack of subject-matter jurisdiction on June 23, 2025. ECF No. 19. Kawecki responded by amending the complaint as of right. Am. Compl., ECF No. 26. I denied as moot UConn Health's motion to dismiss the prior version of the complaint. ECF No. 27.

UConn Health renewed its motion to dismiss on July 28, 2025. Def.'s Mot. to Dismiss, ECF No. 30; Mem. of L. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem."), ECF No. 30-1. Kawecki responded on August 18, 2025. Mem. in Opp. to Mot. to Dismiss ("Pl.'s Mem."), ECF No. 34. UConn Health replied in support of its motion to dismiss on September 2, 2025. Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply"), ECF No. 36.

Kawecki also moved to remand to Superior Court on August 26, 2025. Mot. to Remand, ECF No. 35. UConn Health responded in opposition on September 16, 2025. Def.'s Resp. to Pl.'s Mot. to Remand ("Def.'s Resp."), ECF No. 38. Over Kawecki's objection, I stayed discovery during the pendency of these motions. ECF No. 39.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (citation and internal quotation marks omitted). "When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). "The plaintiff bears the burden of establishing by a

preponderance of the evidence that the court has subject matter jurisdiction over the claims." *Riccio v. Examsoft Worldwide, Inc.*, 794 F. Supp. 3d 73, 86 (D. Conn. 2025).

### B.    Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. I must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, I am not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

## III.    DISCUSSION

First, although the Amended Complaint does not clearly allege that UConn Health violated the ADA or ADEA, UConn Health maintains that any such claims must be dismissed for lack of subject-matter jurisdiction because Connecticut and its instrumentalities have general sovereign immunity from suit for claims under the ADA and ADEA. Def.'s Mem. 5-8; Def.'s Reply 3-4. Second, UConn Health argues that Kawecki's claims under Title VII fail to state a claim because Title VII does not prohibit discrimination on the basis of age or physical disability. *Id.* at 12-16. Third, UConn Health argues that certain forms of relief claimed in the Amended Complaint are barred by sovereign immunity or state law. *Id.* at 10-12. Fourth, UConn Health contends that Count Four, which asserts that Kawecki suffered

retaliation in violation of the Connecticut Fair Employment Practices Act ("CFEPA), also fails to state a claim. *Id.* at 13-16.

As I explain below, all federal claims in this case are subject to dismissal and I decline to exercise supplemental jurisdiction over the pendent CFEPA claims. I therefore grant Kawecki's motion to remand the case to Superior Court.

### A.     ADA and ADEA Claims

None of the substantive causes of action in the Amended Complaint invokes the ADA or ADEA. *See* Am. Compl. 10-13. However, the Amended Complaint does assert that Kawecki was protected by the ADEA and the ADA. *Id.* at 2, ¶ 7. UConn Health argues that these references to the ADA or ADEA should be dismissed for lack of subject-matter jurisdiction on the basis of general state sovereign immunity. Def.'s Mem. 5-8.[2]

"Generally, a passing reference to a federal statute is insufficient to state a plausible claim." *Cmty. Bank, N.A. v. JPMorgan Chase & Co.*, 761 F. Supp. 3d 469, 477 (N.D.N.Y. 2024) (citation and internal quotation marks omitted); *see also Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp. 3d 277, 281 n.2 (S.D.N.Y. 2017) ("Merely invoking the existence of some federal statute, without presenting facts or alleging a claim related to that statute, does not establish federal question jurisdiction.") (citation and internal quotation marks omitted). That is because "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for

---

[2] Sovereign immunity is properly raised on a motion to dismiss for lack of subject-matter jurisdiction. *See Nat'l R.R. Passenger Corp. v. McDonald*, 978 F. Supp. 2d 215, 228 (S.D.N.Y. 2013) ("In this Circuit, a finding that the defendant is entitled to sovereign immunity means the court lacks subject-matter jurisdiction."), *aff'd*, 779 F.3d 97 (2d Cir. 2015); *see also Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004).

trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Thus, "a complaint is insufficient if it 'neither cites a specific provision of the statute, nor refers to particular facts that allegedly violated the statute,' especially if the court has already instructed the plaintiff to include such details." *Cmty. Bank, N.A.*, 761 F. Supp. 3d at 477 (quoting *Holmes v. Grubman*, 568 F.3d 329, 335–36 (2d Cir. 2009)) (alterations accepted). Here, however, because UConn Health has briefed the issue of whether it is immune from ADA and ADEA claims, Def.'s Mem. 5-8, and Kawecki's brief in opposition confirms that she sought to invoke the protections of the ADA and ADEA, Pl.'s Mem. 4-7, I address whether UConn Health is immune from suit for any claim asserted under these statutes.

UConn Health suggests that it has waived its "Eleventh Amendment sovereign immunity by removing the action to federal court" but maintains it "has not waived general sovereign immunity." Def.'s Reply 3. Kawecki asserts that UConn Health "deliberately removed the case when it knew none of the claims could be heard in federal court." Pl.'s Mem. 9. Kawecki says that she initiated her case in state court to "avoid running into the Eleventh Amendment barrier," *id.* at 5, and seeks to return to state court, *id.* at 9. She says the Superior Court can resolve the "Title I dispute," *id.* at 6, and opposes "any prejudicial dismissal" of her claims by this Court, *id.* at 9.

The Supreme Court has squarely held that the ADEA and Title I of the ADA do not validly abrogate state sovereign immunity.[3] *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531

---

[3] The Supreme Court has held that an individual may bring a claim for damages against a State under Title II of the ADA in some circumstances. *United States v. Georgia*, 546 U.S. 151, 159 (2006) ("Thus, insofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."). But Kawecki's response brief acknowledges that any ADA claim she were to assert for employment discrimination would arise under Title I. Pl.'s Mem. 5; *see also Mary Jo*

U.S. 356, 374 (2001) (Title I of the ADA); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 82-83 (2000)) (ADEA).[4] Nor does UConn Health's decision to remove the action from Superior Court to this Court require a different result. The Second Circuit has specifically rejected the proposition that a "state waives its general state sovereign immunity by removing an action from state court to federal court." *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015). In *Beaulieu*, Vermont removed a Fair Labor Standards Act ("FLSA") claim by state employees to federal district court. *Id.* at 482. The Second Circuit held that Vermont had not waived its sovereign immunity for the FLSA claims, concluding that "a state agency sued on a federal law claim, which contends that the state's sovereign immunity remains intact but wishes to have the federal law claim adjudicated in federal court in the event of a finding that the state's immunity has been waived or abrogated, should not be compelled to abandon its claim of immunity as the price of access to a federal court." *Id.* at 486. Consequently, UConn Health did not waive its general state sovereign immunity to claims for damages under the ADA or ADEA by removing to this court.[5]

---

*C. v. New York State & Loc. Ret. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013) ("[W]e conclude that the [ADA] unambiguously limits employment discrimination claims to Title I.").

[4] Kawecki suggests that Connecticut's sovereign immunity would not apply in the same fashion in Superior Court with respect to the ADA and ADEA claims. *See* Pl.'s Mem. 6. That argument is mistaken, as the Supreme Court has held that Congress cannot subject nonconsenting states to suit in state court for damages claims arising under statutes enacted pursuant to Congress' Article I power. *Alden v. Maine*, 527 U.S. 706, 754 (1999) ("In light of history, practice, precedent, and the structure of the Constitution, we hold that the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by Article I legislation.").

[5] The Second Circuit has recently cast doubt on whether it is appropriate to distinguish between Eleventh Amendment sovereign immunity and general state sovereign immunity. *Baroni v. Port Auth. of New York & New Jersey*, 161 F.4th 48, 61 (2d Cir. 2025). Nonetheless, I need not wade into this doctrinal debate because *Baroni* did not overrule *Beaulieu*'s holding that a state does not waive its general state sovereign immunity by removing an action from state court to federal court. *Id.* at 60-61.

Of course, sovereign immunity would not be available if Connecticut consented to suit under the ADEA or Title I of the ADA. *See Alden v. Maine*, 527 U.S. 706, 755 (1999) (acknowledging that sovereign immunity is available "only in the absence of consent"). But Kawecki does not dispute or indeed respond to UConn Health's argument that Connecticut has not so consented. Def.'s Mem. 7-8; *see* Pl.'s Mem. And indeed, Connecticut has not consented to suit, either in federal court or in state court, for claims under Title I of the ADA or the ADEA. *See, e.g.*, *Mallison v. Connecticut Off. of Early Childhood*, 634 F. Supp. 3d 21, 40 (D. Conn. 2022) ("Plaintiff has presented no evidence, and the Court has found none, that the state of Connecticut has consented to suit under the ADEA."); *Lee v. Dep't of Child. & Fams.*, 939 F. Supp. 2d 160, 165 (D. Conn. 2013) ("Connecticut has not waived its immunity from suit under Title I of the ADA."); *Marasco v. Connecticut Reg'l Vocational-Tech. Sch. Sys.*, 153 Conn. App. 146, 157 (2014) ("Mindful of the basic tenets of sovereign immunity and given the absence of any state statute abrogating the protections of sovereign immunity for an ADEA claim against the school system, we believe that the school system is, in fact, immune from suit whether in state or federal court, on the basis of an alleged violation of the ADEA.").

I therefore agree that to the extent the Amended Complaint attempts to bring claims against UConn Health under Title I of the ADA or the ADEA, such claims must be dismissed without prejudice for lack of subject-matter jurisdiction. *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("When subject matter jurisdiction is lacking, the district court lacks the power to adjudicate the merits of the case, and accordingly Article III deprives federal courts of the power to dismiss the case with prejudice.") (citation and internal quotation marks omitted; alterations adopted).

B.  **Title VII Claims**

Count One, captioned "Discrimination in Violation of Title VII," asserts that UConn Health discriminated against Kawecki on account of her age and physical disability. Am. Compl. 10-11. Count Two, although captioned "Discrimination in Violation of CFEPA," alleges that UConn Health "discriminated against Kawecki in violation of her rights under Title VII." *Id.* at 11. Count Three alleges that UConn Health retaliated against Kawecki in violation of Title VII after Kawecki opposed what she considered to be UConn Health's discriminatory conduct. *Id.* at 11-12.

UConn Health argues that the Title VII claims must be dismissed because Kawecki does not allege she experienced or reported discrimination prohibited by Title VII. Def.'s Mem. 12-16. Kawecki does not respond to these arguments for dismissal, so it appears she has abandoned any Title VII claims asserted in the Amended Complaint. *See Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020) (summary order) ("As a general matter, district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage.").[6] Even if these claims are not abandoned, I agree that Counts One, Two, and Three fail to state a Title VII claim.

"Title VII prohibits employment-related discrimination on the basis of race, color, religion, sex, or national origin and retaliation against employees who complain about discrimination." *Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008); *see also* 42 U.S.C. § 2000e-2(a)(1) (defining protected characteristics for purposes of prohibition on unlawful

---

[6] This argument in support of dismissal also appeared in UConn Health's first motion to dismiss. ECF No. 19-1, at 10-11. Nonetheless, neither the Amended Complaint nor Kawecki's opposition brief respond to this argument. *See* Pl.'s Mem.

10

employment practices). Title VII does not prohibit discrimination on behalf of age or physical disability. *See, e.g.*, *Dogali v. Stop & Shop Supermarket Co.*, LLC, No. 3:24-CV-01937 (MPS), 2025 WL 3079157, at *2 (D. Conn. Nov. 4, 2025) ("Because age and disability are not protected categories under Title VII, Count One fails as a matter of law."); *Downey v. Monro, Inc.*, No. 120-CV-1505 (TJM), 2022 WL 17093421, at *8 (N.D.N.Y. Nov. 21, 2022) (collecting cases in support of proposition that "Title VII, does not, however, include protections for discrimination on the basis of age or disability"). Count One in the Amended Complaint, which asserts that Kawecki was disciplined, suspended, and terminated on account of her age and physical disability, therefore fails to state a Title VII claim.

For similar reasons, Kawecki's theory of retaliation in violation of Title VII in Count Two fails. Kawecki appears to allege that she was terminated in part because on July 12, 2024, shortly before she was terminated, she submitted a complaint to the Connecticut Commission on Human Rights and Opportunities alleging age and disability discrimination. Am. Compl. 3, ¶ 9. But because the Amended Complaint fails to allege that Kawecki's CHRO report complained of discrimination prohibited by Title VII, any retaliation in response to such a report would not violate Title VII. *See Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006) ("Title VII forbids an employer to retaliate against an employee for . . . complaining of employment discrimination prohibited by Title VII.").[7]

The same holds true for Count Three. "[F]or a retaliation claim to survive a motion for judgment on the pleadings or a motion to dismiss, the plaintiff must plausibly allege that: (1)

---

[7] UConn Health does not move for dismissal of Count Two to the extent Count Two asserts a claim of retaliation in violation of the CFEPA. I therefore have no occasion to examine the sufficiency of Count Two's CFEPA claim.

defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). Here, the Amended Complaint alleges that Kawecki faced adverse actions after accusing her supervisor of improperly approving time sheets. Am. Compl. 9, ¶ 49. The Amended Complaint does not allege that Kawecki observed, reported, or took any other actions to oppose discrimination prohibited by Title VII.

I therefore grant UConn Health's Motion to Dismiss Counts One and Three. To the extent Count Two alleges a violation of Title VII, it is also dismissed. All Title VII claims are dismissed with prejudice.

    **C.**    **State Law Claims**

Because I have dismissed the Title VII, ADA, and ADEA claims, the only surviving claims are state-law claims brought under the CFEPA. UConn Health does not move dismiss Count Two's allegation that UConn Health violated the CFEPA. UConn Health does, however, move to dismiss Count Four (CFEPA retaliation) and asserts that sovereign immunity also precludes several of the forms of damages claimed in the Amended Complaint. Def.'s Mem. 8-12; 13-16. But I need not address these arguments in the first instance because I will decline to exercise supplemental jurisdiction and remand the action to Superior Court.

"The district court has discretion to retain or decline a state law claim asserted against a defendant who has no federal claims pending against it." *Dogali*, 2025 WL 3079157, at *3 (citing 28 U.S.C. § 1367(c)). Because I have dismissed all federal claims and the parties have not yet engaged in discovery, I decline to exercise supplemental jurisdiction over the CFEPA claims in Counts Two and Four. *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir.

2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.") (citation and internal quotation marks omitted).

"When a district court declines to exercise supplemental jurisdiction in a case removed from State court, it has discretion either to dismiss the claims without prejudice or to remand the claims." *Bhattacharya v. Suny Rockland Cmty. Coll.*, 719 F. App'x 26, 28 (2d Cir. 2017) (summary order); *see also Paparella v. Liddle & Robinson, L.L.P.*, No. 1:18-CV-09267 (JLR), 2023 WL 2344725, at *8 (S.D.N.Y. Mar. 3, 2023). Kawecki has separately moved to remand the action to Superior Court. Although I do not find persuasive Kawecki's arguments in favor of remand,[8] I will nonetheless grant the motion to remand in light of Kawecki's choice of forum and to obviate any concern over the statute of limitations for the CFEPA claims.

---

[8] Kawecki states that "UCONN Health in its Motion to dismiss clearly urge[s] that under sovereign immunity NO federal case can be maintained in the District Court of Connecticut." Mot. to Remand 2 (emphasis in original). This misunderstands UConn Health's argument. As UConn's response in opposition to the Motion to Remand observes, removal here was not improper because federal law appeared on the face of the complaint filed in Superior Court. *See generally Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Moreover, UConn's briefing in support of its Motion to Dismiss contends that the Title VII claims are subject to dismissal for failure to state a claim, not for lack of subject-matter jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, Defendant UConn Health's Motion to Dismiss is GRANTED in part. Because all federal claims are dismissed, Kawecki's Motion to Remand is GRANTED. The Clerk of Court is respectfully directed to remand this case to the Superior Court of Hartford.

**SO ORDERED.**

New Haven, Connecticut
February 17, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge